IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHNNY LEE HUNT,                )
                                )
            Petitioner,          )
                                )
      v.                         )     1:09CV186
                                )
R. DAVID MITCHELL,              )
                                )
            Respondent.          )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 16, 2002, in the Superior Court of Guilford County, Petitioner entered a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). He pled guilty to second-degree murder in case 01CRS101181 and was subsequently sentenced to 156 to 197 months of imprisonment. Petitioner filed no direct appeal. However, on January 30, 2008, Petitioner submitted a motion for appropriate relief in Guilford County. This motion was denied on April 2, 2008. Petitioner then sought review from the North Carolina Court of Appeals and the North Carolina Supreme Court. The North Carolina Supreme Court dismissed his request for review on February 5, 2009. Petitioner dated his habeas corpus petition as being mailed on March 11, 2009. It was received by the Court on March 16, 2009. Respondent has filed a motion seeking to have the petition dismissed.

**Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); 28 U.S.C. § 2244(d)(1)(A). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. See Clay v. United States, 537 U.S. 522 (2003). Here, Petitioner's judgment was entered on July 16, 2002. He filed no direct appeal. Therefore, his conviction became final, at the latest, 14 days later on July 30, 2002. N.C.R. App. P. 4(a). His time to file began to run at that time and fully expired a year later in July of 2003 without his having filed a petition in this Court. In fact, the petition in this case was not filed until more than five and a half years after Petitioner's time for filing had run.

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner did not initiate any state court review until January of 2008, well after his time to file in this Court had already run. The filing of state court motions does not restart or revive the AEDPA filing period once it has expired. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Therefore, Petitioner's petition is out of time under § 2244(d)(1)(a).

Section 2244(d)(1)(B), (C), and (D) do list alternative times at which the one-year filing period can begin. Subsection (d)(1)(B) requires an unlawful State action or impediment which prevented Petitioner from filing his § 2254 petition. Petitioner makes an allegation of such an impediment in his petition, but sets out no details and does not explain his allegation. Nor is any impediment to his filing apparent in the record. Therefore, this subsection does not give Petitioner more time to file.

Section 2254(d)(1)(C) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner

-3-

Case 1:09-cv-00186-JAB-LPA   Document 13   Filed 07/28/09   Page 3 of 7

does not allege that he is relying upon any such right. This subsection does not apply.

Section 2254(d)(1)(D) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's main argument against dismissal of his petition is that his claims are based on newly discovered evidence that could not have been discovered until shortly before his motion for appropriate relief was filed in the state courts in 2008. Unfortunately for Petitioner, this is not correct. His proffered "new" evidence is his victim's extensive criminal record and affidavits from his father and brother. Petitioner also wishes to have DNA tests performed on an ax that he claims the victim was wielding at the time he was shot.

Clearly, the victim's criminal record, Petitioner's father and brother's version of events, and any DNA available for testing were all in existence at the time Petitioner's conviction became final. He has given no reason why his proffered evidence was not just as available to him in 2002 as in 2008. Therefore, no matter when Petitioner actually did procure his evidence, it was available to him through the exercise of due diligence in 2002. This subsection also does not apply and Petitioner's motion is untimely.

Petitioner next raises arguments aimed at equitable tolling. The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases).

Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in

order to have equitable tolling available to him. <u>Coleman</u>, 184 F.3d at 402.

Petitioner states that he is a layman of the law and that he was not aware of the time limit on his petition. However, as just set out, this does not entitle Petitioner to equitable tolling. Petitioner also claims that failing to consider his petition will result in a miscarriage of justice and that he is actually innocent. He then mixes in arguments concerning procedural default. These arguments fail for multiple reasons. First, the AEDPA bar is a time limitation, not a procedural default. Second, his claims of innocence and miscarriage of justice touch on the merits of his claims. Consideration of the merits of a petition does not play a part in the equitable tolling analysis. <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003). Finally, Petitioner was convicted in 2002, but did not gather his evidence and present it to the state courts until 2008. He has not shown the diligence necessary for equitable tolling in any event. His petition is time-barred.

There is one additional matter pending before the Court. Petitioner has filed a motion for default judgment in which he contends that Respondent's motion to dismiss is not a proper response to his petition. Obviously, this is incorrect. Not only is the motion to dismiss a proper response, but it has merit. Petitioner's motion for default judgment should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 6) be granted, that Petitioner's motion for

default judgment (docket no. 11) be denied, that the petition (docket no. 1) be dismissed, and that Judgment be entered dismissing this action.

                                        <u>/s/ Donald P. Dietrich</u>
                                             **Donald P. Dietrich**
                                    **United States Magistrate Judge**

July 28, 2009